United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CONNERS,

Plaintiff,

v.

E. BORLA, et al.,

Defendants.

Case No. 26-cv-00202-JD

**ORDER REOPENING CASE AND RE DISMISSAL**

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act. The original complaint was dismissed with leave to amend. This case was closed after plaintiff failed to file an amended complaint. Plaintiff has since filed an amended complaint. The case is reopened.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was injured in a fall while walking down a wet hallway, and he was denied prison services due to a disability. A single dangerous condition such as a slippery floor, without additional conditions contributing to a threat to an inmate's safety, does not amount to a sufficiently serious condition to implicate the Eighth Amendment. *See Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996). Claims about slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *see also McLaughlin v. Farries*, No. 03-60771, 2004 WL 2030365 (5th Cir. Sept. 13, 2004) (per curiam) (unpublished) (concluding that a prisoner's slip and fall on water accumulated from a leaky air conditioning unit, which defendants knew about and failed to clean up, spoke to negligence, but not deliberate indifference); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (concluding that although a prisoner sustained an injury from slippery water accumulated on the shower floor, which the prisoner had complained about two months before, "slippery floors constitute a daily risk faced by members of the public at large" and is not a risk of constitutional dimension); *Wallace v. Haythorne*, No. 06-1697 MCE GGH P, 2007 WL 3010755,

at *2-*4 (E.D. Cal. Oct. 15, 2007) (no Eighth Amendment violation when a prisoner fell after his foot slipped into a hole in the floor caused by a missing tile, even if defendants knew that a non-prisoner employee previously tripped on one of the holes), *aff'd,* No. 07-17364, 2009 WL 2015051 (9th Cir. July 2, 2009) (unpublished ).

To state a cognizable claim for relief, there must be circumstances such that the flooded cell posed a serious, unavoidable threat to plaintiff's safety, and defendants knew of this substantial risk. *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions); *Osolinski*, 92 F.3d at 938 (a single, minor safety hazard does not violate the Eighth Amendment, but allegations of conditions which "exacerbate[ ] the inherent dangerousness of already-existing hazards," or "render[] [an inmate] unable to provide for his own safety," are sufficient to state a cognizable claim for relief (internal quotations, brackets, and citation omitted)).

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a claim under Title II of the ADA, a plaintiff generally must show: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of his disability." *Hyer v. City of Honolulu*, 118 F.4th 1044, 1065 (9th Cir. 2024) (quotation marks and citation omitted). A public entity includes state correctional facilities. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

The original complaint was dismissed with leave to amend to provide additional facts about the slippery floor and to describe how plaintiff was a denied a prison program due to a disability. The amended complaint is substantially similar to the original complaint and plaintiff

only partially addresses the deficiencies noted by the Court.

Plaintiff says he was walking down a corridor in the prison using his cane, when he observed caution cones in the middle of the corridor and someone mopping the floor. Plaintiff could not determine which part of the floor was wet. He slipped and fell down on his right side due to the wet floor and chipped cement. He injured the right side of his body including his neck, arm, shoulder, hip, leg, and groin. Plaintiff was taking a computer course at the prison when this accident occurred. Two months after his fall, he was transferred to a different prison in the Central District that did not have computer classes. He contends this violated his rights under the ADA.

The amended complaint is dismissed with leave to amend for many of the same reasons noted in the Court's prior order. Plaintiff must provide more information demonstrating a confluence of conditions showing that the wet floor was an unavoidable threat to his safety and that defendants knew of this substantial risk. He must also describe the specific allegations against the named defendants and how they are responsible for his injuries. With respect to the ADA claim, plaintiff again fails to allege that he was denied a program due to a disability. He was transferred to a different prison that did not have this specific program. To the extent plaintiff argues that he was transferred in retaliation for filing a grievance related to the slippery floor, he must identify the defendant responsible and describe how his transfer was due to the filing of a grievance. This will likely be plaintiff's final opportunity to amend.

**CONCLUSION**

1. This case is reopened. The amended complaint is dismissed with leave to amend. The amended complaint must be filed within twenty-eight (28) days of the date this order is filed and must include the caption and civil case number used in this order and the words Amended Complaint on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the dismissal of this action.

United States District Court
Northern District of California

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 23, 2026

JAMES DONATO
United States District Judge